# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BENITO DAVID MARTINEZ,

      Petitioner,

vs.                                    No. CV 19-00681 RB/JHR

BETTY JUDD, WARDEN,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Benito David Martinez. (Doc. 1.) The Court will dismiss the Petition without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Petitioner Martinez were returned as undeliverable. (Docs. 4; 6.) The Court's research indicates that Petitioner Martinez has been released from the Northwest New Mexico Correctional Center. It appears that Petitioner has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on January 14, 2020, directing Petitioner Martinez to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 5.) More than 30 days has elapsed since entry of the Order to Show Cause and Petitioner Martinez has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner Martinez has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's January 14, 2020 Order to Show Cause.

Petitioner Martinez has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Benito David Martinez (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE